## In re PASSAVANT et al.

*(Circuit Court, S. D. New York.* May 18, 1892.)

**1. BOARD OF APPRAISERS—VALUATION—REVIEW BY CIRCUIT COURT—PRACTICE.**
Where a board of three general appraisers, acting under Act Cong. June 10, 1890, § 13, on reappraisement appraised the value of imported merchandise more than 10 per cent. above the value declared in the importer's entry, and the additional duties provided for in section 7 of the same act thereupon accrued and were exacted by the collector, no appeal from or review of the decision of the collector in assessing such additional duties is provided for under said act.

**2. SAME.**
Whether or not any relief can be secured by an importer where there has been fundamental error in fixing the value, none is to be found under the act of June 10, 1890, by appeal or review in the circuit court.

**3. SAME—QUESTIONS DETERMINED.**
An appeal to or review by the circuit court under section 15 of said act is restricted to questions of law and fact involved in the decisions of the appraisers respecting the classification of merchandise and the rate of duty imposed thereon under such classification.

At Law. Motion to dismiss appeal for want of jurisdiction. Granted.

On an importation of leather gloves by Passavant & Co. the value thereof was advanced by the appraiser to an amount exceeding by more than 10 per cent. the value of the same as declared by the importers upon entry. Objection was made by the importers, and a reappraisement was made by one of the general appraisers, and on further objection of the importers the matter was sent to the board of three general appraisers, under the provisions of section 13 of the customs administrative act of June 10, 1890, who examined and decided the case thus submitted, and sustained the increased valuation of the merchandise. The collector of the port of New York thereupon levied and assessed duty thereon at 50 per cent. *ad valorem* under paragraph 458 of the tariff act of October 1, 1890, and also, in addition thereto, (by reason of the increased valuation,) a further sum equal to 2 per cent. of the total appraised value for each 1 per cent. that such appraised value exceeded the value declared in the entry, under and by virtue of the provisions of section 7 of the customs administrative act of June 10, 1890. The importers served a protest upon the collector against his assessment of duty for all excess above 50 per cent., and upon any greater value than the entered value, claiming that no legal reappraisement had been made in accordance with the act of June 10, 1890; that the board of appraisers had declined to receive or entertain evidence offered by the importer as to the true market value of the goods; determined the case upon values given by special agents of the treasury; took and acted upon evidence of persons not experts, who had no personal knowledge of the value of gloves in the markets

of France; gave the importers no opportunity to controvert evidence against them; that in all respects the action of the board was illegal; that the original invoice was correct; and that duties should not be assessed upon any greater amount, or at any different rate, than as appeared upon the invoice and entry. The collector transmitted the protest and papers to the board of general appraisers, who decided that the decision of the board as to valuation was final and conclusive (under section 13, Act June 10, 1890) as to the dutiable value of such merchandise, and that such decision cannot be impeached at all by protest before the collector or the courts. G. A. 899. The importers appealed from this decision to the United States circuit court, under section 15 of said act, and the board filed their return in the court on March 2, 1892.

Assistant United States Attorney Henry C. Platt moved, upon the record, to dismiss the appeal for want of jurisdiction, upon the following grounds: (1) The protest makes no objection that the gloves were wrongfully classified by the collector. Their rightful rate of duty as gloves was at 50 per cent., under paragraph 458, Act October 1, 1890. (2) The gist of the objection is that the collector levied certain additional duties thereon, under section 7 of the act of June 10, 1890, which rate and amount was in excess of the rate and amount (50 per cent.) required by law to be paid under the tariff act of October 1, 1890. (3) The act of June 10, 1890, itself (section 7) imposes this additional duty. The collector can exercise no judgment or discretion about it. (4) This additional duty is imposed by law under the administrative act by reason of increased valuation, and not under the tariff act by reason of classification. (5.) The importers exhausted their remedy on reappraisement, under section 13 of the act of June 10, 1890. The decision of the reappraising board is there made final and conclusive as to the dutiable value of merchandise against all parties interested therein. No further appeal is provided for, as to valuation under that act. (6) The appeal to or review by the United States circuit court, under section 15 of act of June 10, 1890, is confined and restricted to "the law and the facts respecting the classification of merchandise, and the rate of duty imposed thereon under such classification." *Ex parte Fassett*, 12 Sup. Ct. Rep. 295–298; *In re Douillet*, (WALLACE, J., Feb. 17, 1892, unreported.) (7) If there should be fraud or serious legal error in reappraisement proceedings, there might be some legal remedy for the aggrieved party, but no remedy therefor exists by appeal to the United States circuit court in proceedings under the act of June 10, 1890. (8) The want of jurisdiction is patent on an examination of the record; and the court is justified, in advance of the trial on the merits, in acting upon the motion to dismiss. *Semple* v. *Hagar*, 4 Wall. 431; *Clark* v. *Hancock*, 94 U. S. 493.

*Edward Mitchell*, U. S. Atty., and *Henry C. Platt*, Asst. U. S. Atty., for the motion.

*Stephen G. Clarke*, opposed.

LACOMBE, Circuit Judge. The object of this proceeding is plainly to review the decision of the appraisers as to value. Whether or not any

relief·can be secured by an importer where there has been fundamental error in fixing the value, it does not seem to be provided for under the administrative act. Motion to dismiss granted.